UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J & J Sports Productions, Inc. | : | Case No.  08 - 2 6 2 |
| | : | |
| Plaintiff, | : | COMPLAINT FOR DAMAGES |
| | : | |
| v. | : | DESIGNATION: PROPERTY RIGHTS |
| | : | |
| Lynn Tran, individually and d/b/a Circles Restaurant Bar & Grill, and TRJAL, LLC d/b/a Circles Restaurant Bar & Grill, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiffs rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortuous

3282428v1

conversion of said property of Plaintiff within the control of the Plaintiff in the State of Delaware.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Delaware District, Eastern because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, J & J Sports Productions, Inc. (hereinafter "J & J" or "Plaintiff) is, and at all relevant times mentioned, was a California Corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6. Plaintiff is informed and believes, and alleges thereon that defendant, Lynn Tran is an individual and the d/b/a Circles Restaurant Bar & Grill is a business entity, the exact nature of which is unknown, having its principal place of business at 975 N. DuPont Blvd., Milford, DE 19963.

7. Plaintiff further is informed and believes, and alleges thereon that defendant TRJAL, Inc. d/b/a Circles Restaurant Bar & Grill is a business entity whose registered agent is Lynn Tran, 571 Carriage Lane, Dover, DE 19901.

## COUNT 1

### (Violation of 47 U.S.C. Section 605)

8. Plaintiff J & J, hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as though set forth herein at length.

9. By contract, Plaintiff paid for and was thereafter granted the exclusive nationwide television distribution rights to the *"Danger Zone": The Oscar De La Hoya v. Ricardo Mayorga*

*World Super Welterweight Championship Fight Porgram* which took place on May 6, 2006 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

10. Pursuant to the contract, J & J entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Delaware, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotel, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

11. As a commercial distributor of sporting events, including the Program, J & J expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above-named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13. Title 47 U.S.C. section 605, *et seq.,* prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

14. By reason of the aforesaid mentioned conduct, the aforementioned defendants and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

15. By reason of the violation of 47 U.S.C. Section 605, *et seq.*, Plaintiff has the private right of action pursuant to 47 U.S.C. Section 605.

16. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff is entitled to the following from each defendant:

    a. Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and also

    b. The recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II

### (Violation of 47 U.S.C. Section 553)

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-16 inclusive, as though set forth herein at length.

18. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above-named defendants are prohibited by Title 47 U.S.C. Section 553, *et seq.*

19. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, *et seq.*

20. By reason of the defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has the private right of action pursuant to Title 47 U.S.C. Section 553.

21. As a result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

    a. Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553(b)(2); and also

    b.    the recovery of full costs pursuant to Title 47 U.S.C. Section 553(c)(2)(C); and also

    c.    and at the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553(c)(2)(C).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT III

#### (Conversion)

22.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21 inclusive, as though set forth herein at length.

23.    By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

24.    The aforesaid acts of each of the defendants were willful, malicious, and intentionally designed to harm Plaintiff and to subject said Plaintiff to economic distress.

25.    Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

WHEREFORE, plaintiff prays for judgment as set forth below.

As to the First Count:

1.    For statutory damages in the amount of $100,000.00 against defendants, and each of them; and

2.    For reasonable attorney fees pursuant to statute; and

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

As to the Second Count:

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them; and
2. For reasonable attorney fees pursuant to statute; and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

As to the Third Count:

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them; and
2. For reasonable attorney fees pursuant to statute; and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,
ARCHER & GREINER, P.C.

By: _____
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
302-777-4350 (phone)
302-777-4352 (fax)
cbrown@archerlaw.com
*Attorneys for Plaintiff*

Dated: May _5_, 2008

**JS 44** (Rev. 12/07)

## CIVIL COVER SHEET

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
J & J Sports Products, Inc.

**(b)** County of Residence of First Listed Plaintiff  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles J. Brown, III, Archer & Greiner, PC 300 Delaware Avenue Suite 1370 Wilmington, DE 190801 (302) 356-6621

### DEFENDANTS
Lynn Tran and TRJAL, Inc. d/b/a Circles Restaurant Bar & Grill

County of Residence of First Listed Defendant  Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 USC Sections 553 and 605
Brief description of cause:
Violation of Telecommunications Statutes Title 47 Sections 553 and 605

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FILED 2008 MAY -5 AM 11:24 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-262

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

_5/5/08_
(Date forms issued)

_____
(Signature of Party or their Representative)

Charles J Brown
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action